**Affirmed and Opinion Filed February 21, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01347-CR**

**No. 05-22-01348-CR**

**ADOLPHUS O'NEAL DAVIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F19-70684-Y, F22-00657-Y**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

A jury convicted appellant Adolphus O'Neal Davis of two counts of theft of property greater than $30,000 but less in $150,000. *See* TEX. PENAL CODE ANN. § 31.03(e)(5). He was sentenced to two years' imprisonment in cause number F19-70684-Y and six years' imprisonment in cause number F22-00657-Y, probated for five years. In four issues, appellant argues the trial court abused its discretion by admitting into evidence four unauthenticated documents. We affirm the trial court's judgment.

## Background

Because the facts are known to the parties and appellant does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. TEX. R. APP. P. 47.1. In January 2006, Noel Balderas purchased two adjoining lots located at 4827 and 4835 Corrigan Avenue in Dallas, Texas. Appellant asked Balderas if he could graze his horse on the property in exchange for taking care of the property. Balderas and appellant entered into a "horse-grazing agreement." Balderas interacted with appellant through the years, and eventually, appellant asked Balderas if he wanted to sell the property. They negotiated but never reached an agreement.

Jorge Loera and his wife, Ariana Espinoza, lived nearby and often saw appellant on the property. In 2016, appellant asked Loera if he wanted to graze his horses on the property. Loera declined the offer. Some time later, Loera heard appellant was interested in selling the property. They reached an agreement to buy "owner to owner." Loera had no reason to believe appellant did not own the property; however, a few weeks later, he received a letter from the City of Dallas explaining the City could not transfer title to him because Balderas still owned the property.

The State subsequently indicted appellant on two counts of unlawfully appropriating property, "the aggregate value of which was more than $30,000 but less than $150,000," namely the money Loera and Espinoza paid appellant for

property he did not own. *See* TEX. PENAL CODE ANN. § 31.03(e)(5). A jury convicted him on both counts, and this appeal followed.

**Discussion**

In four issues, appellant argues the trial court abused its discretion by admitting State's Exhibits 3, 12, 23, and 24 because the State failed to properly authenticate them. We review the trial court's decision to admit evidence for an abuse of discretion and may not reverse if its decision is within the zone of reasonable disagreement. *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015); *Dickson v. State*, No. 05-14-01061-CR, 2016 WL 772766, at *4 (Tex. App.—Dallas Feb. 29, 2016, no pet.) (not designated for publication).

"To satisfy the requirement of authentication . . . the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims." TEX. R. EVID. 901(a). In a jury trial, it is the jury's role ultimately to determine whether an item of evidence is indeed what its proponent claims; the trial court need only make the preliminary determination that the State has supplied facts sufficient to support a reasonable jury determination that the proffered evidence is authentic. *Butler*, 459 S.W.3d at 600. This can be accomplished in a myriad of ways, including through the testimony of a witness with knowledge or through evidence showing distinctive characteristics. TEX. R. EVID. 901(b)(1) (testimony of a witness with knowledge) & 901(b)(4) (distinctive characteristics). The proponent need not eliminate all other possibilities inconsistent with authenticity, and circumstantial

–3–

evidence, other than a signature, may establish authorship. *See Jones v. State*, 466 S.W.3d 252, 263 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *see also Soria v. State*, 933 S.W.2d 46, 60 (Tex. Crim. App. 1996) (drawing found in appellant's cell was sufficiently connected to appellant to permit the State to argue it belonged to appellant). This has been described as a "liberal standard of admissibility." *Butler*, 459 S.W.3d at 600.

Appellant first challenges State's Exhibit 3, the residential lease-purchase agreement. Loera's testimony authenticated the agreement. He explained appellant hand-delivered the agreement to him. Loera identified his signature on the contract. He confirmed the agreement included the property description and the terms of sale based upon previous in-person discussions. Under the liberal standard of admissibility, the trial court did not abuse its discretion by overruling appellant's authentication objection because Loera testified to the accuracy of the information in the residential lease-purchase agreement based on his personal knowledge of the transaction. TEX. R. EVID. 901(b)(1). These facts provided sufficient information for the trial court to make the preliminary determination the proffered evidence was authentic. *Butler*, 459 S.W.3d at 600. Appellant's first issue is overruled.

Appellant next challenges State's Exhibit 12, the $8,500 down payment receipt. The State introduced the document during Espinoza's testimony. She explained it was a signed receipt from appellant memorializing their $8,500 partial cash down payment for the property. It was titled "RECEIPT," dated December 15,

–4–

2016, and "Paid to: Adolphus Davis," "Received from: Jorge Loera and Ariana Espinoza," "For: down payment on 4835 Corrigan Ave, Dallas, TX 75214." The State introduced a similar receipt memorializing another cash payment "For: down payment on 4835 Corrigan Ave, Dallas, Texas 75214" without objection. The only difference in the two documents is the amount received. A party waives any alleged error regarding the erroneous admission of evidence if the same or substantially similar evidence has been previously admitted without objection. *See Debnam v. State*, No. 04-22-00177-CR, 2023 WL 4223625, at \*6 (Tex. App.—San Antonio June 28, 2023, pet. ref'd) (mem. op., not designated for publication). Because appellant failed to object to substantially similar evidence, he waived his issue for review. *Id.* Even assuming appellant preserved this issue, Espinoza testified she gave appellant $8,500, and he personally delivered the receipt to her, which noted the amount she gave for "down payment" on the property. Her testimony, as a witness with personal knowledge, provided enough information for the trial court to make the preliminary determination based on sufficient facts that the proffered evidence was authentic. *Butler*, 459 S.W.3d at 600; *see also* TEX. R. EVID. 901(b)(1). We overrule appellant's second issue.

Finally, appellant challenges the admission of two letters addressed to Loera and Espinoza and signed by appellant: (1) State's Exhibit 23, dated December 5, 2016, and (2) State's Exhibit 24, dated January 7, 2017. Espinoza testified she recognized both letters because appellant personally handed them to her. Upon

review, both letters reference specific details about the parties' negotiations to purchase the property as well as references to other past discussions between them. Given the distinctive characteristics of the content of both letters and Espinoza's testimony that appellant personally delivered the letters to her, the trial court did not abuse its discretion by making a preliminary determination that the letters were authentic. *See* TEX. R. EVID. 901(b)(1), (4); *see also Butler*, 459 S.W.3d at 600. We overrule appellant's third and fourth issues.

In overruling appellant's issues, we reject his argument that the documents were not authenticated because a handwriting expert did not testify and the State did not introduce an exemplar to compare with his signature. Circumstantial evidence, other than a signature, may establish authorship. *See Soria*, 933 S.W.2d at 60; *see also Pierce v. State*, No. 2-03-517-CR, 2004 WL 1798088, at *2 (Tex. App.—Fort Worth Aug. 12, 2004, pet. ref'd) (mem. op., not designated for publication) (holding contents of letter were sufficient to authenticate it). As discussed above, the State met the "liberal standard of admissibility" to satisfy rule 901(a). *See* TEX. R. EVID. 901(a); *Butler*, 459 S.W.3d at 600.

## Conclusion

We affirm the trial court's judgment.

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE

221347f.u05
221348f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ADOLPHUS O'NEAL DAVIS,
Appellant

No. 05-22-01347-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 7, Dallas County, Texas
Trial Court Cause No. F19-70684-Y.
Opinion delivered by Justice Nowell.
Justices Miskel and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 21st day of February, 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ADOLPHUS O'NEAL DAVIS,
Appellant

No. 05-22-01348-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 7, Dallas County, Texas
Trial Court Cause No. F22-00657-Y.
Opinion delivered by Justice Nowell.
Justices Miskel and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 21st day of February, 2024.